IN THE

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT

OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 17 2025
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| Alan Lugo-Montalvo, ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:25-cv-789-DPJ-ASH |
| ) | 3:16-CR-00547-03 |
| UNITED STATES of AMERICA ) | |
|   (Warden Childress) ) | |
|    Respondent, ) | |

WRIT OF HABEAS CORPUS

PURSUANT TO 28 U.S.C. §2241(c)(3)

    Comes now petitioner, Alan Lugo in Pro-Se Forma respectfully requests that this Honorable Court orders the Federal Bureau of Prisons at Yazoo City Low II to credit him accrued programming days for the time endured on lockdown during Global COVID-19 Pandemic from January 2020 to June 2023 at the end of the B.O.P. COVID-19 lockdown. Approximately 1250 of accrued programming days which convert to 625 days of FSA FTC's toward his sentence reduction and RRC/HC placement. Depriving petitioner Mr. Lugo of these credits constitutes illegal detention, and he moves pursuant to 28 U.S.C. §2241(c)(3).

-1-

Petitioner is a layman of the law and prays that this motion be liberally construed and held to a standard "less stringent" than those drafted by attorneys." Haines v. Kerner, 404 U.S. 519, 520 (SCOTUS 1972); See also Ayala Serrano v. Gonzalez, 909 F. 2d 815 (1st Cir. 1991).

According to Rule 56 (a) of the Federal Rules of Civil Procedures a movant may move for any claim if he shows that there is no general dispute as to material fact and he is entitled to Judgement as a matter of law.

## BACKGROUND

- Petitioner is currently incarcerated at FCI Yazoo City Low II at Yazoo City, MS., 39194.

- Petitioner was sentenced to 360 months in prison, the Court also imposed 10 years of Supervised Release.

- Mr. Lugo was arrested for this offense in Puerto Rico, he was found guilty of 21:841(A)(1), 846 and 860 conspiracy to possess with the intent to distribute a controlled substance.

- On 2020 there was a declaration for a global pandemic for COVID-19, the F.B.O.P. went into lockdown to prevent spreading. Ultimately prisoners had to endure 23 hour and 24 hour lockdowns somedays a day for years making their sentences all

-2-

the more harsher.

## I. APPLY TIME CREDITS BASED ON COVID-19 ACCRUED PROGRAM DAYS WHICH WERE EARNED

Petitioner files a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 to secure release from illegal detention due to missing FSA credits towards sentence and RRC/HC placement for the time spent in lockdown during the COVID-19 Global Pandemic and should earn time credits as designated by the Government since during that time he would have been "Eligible" and "Opt-In" for FSA under the First Step Act 18 U.S.C. §3632. Petitioner files pursuant to 28 U.S.C. §2241 to secure release from illegal custody, Peiser v. Rodriguez, 411 U.S. 475, 484 93 S. Ct. 1827 36 C. Ed. 2d 439 (1973); See also McIntosh v. U.S. parole Comm'n, 115 F 3d, 809, 811 (10th Cir. 1997). Habeas Corpus is warranted only when petitioner is in custody in violation of the Constitution or laws of the treaties of the United States of America 28 U.S.C. §2241(c)(3).

## DISCUSSION

Petitioner requests that this Honorable Court Orders the Federal Bureau of Prisons at Yazoo City Low II in Yazoo City, MS. 39194 accredit Petitioner with the days of programming accrued during lockdowns for hard time endured during Covid-19, towards his FSA Earned time Credits and RRC/HC placement. Not granting Petitioner with credits constitutes a violation of an established Congress passed Act 18 U.S.C. 3632 and a motion under 2241 is the proper avenue to secure release from illegal detention and to prevent constitutional injury. Petitioner seeks to be credited all days that should be applied to him through the FSA FTC's, and RRC/HC placement based on the facts discussed above.

## II. ADMINISTRATIVE REMEDIES EXHAUSTION IS NEITHER REQUIRED NOR APPROPRIATE

Unlike other statutory schemes, Congress has not mandated administrative exhaustion for Federal Habeas Corpus for petitions under 28 U.S.C. §2241. The Prison Litigation Reform Act (PLRA), which does conatin exhaustion requirements explicitly excludes Habeas proceedings from it's scope. See 18 U.S.C. §3636(g)(2) (defining "civil action with respect to priosn conditions" but explicitly excluding" Habeas Corpus proceedings challenging the fact or duration of confinement in prison"); Mohanagan v. Winn, 276 F. Supp 2d 196 (finding no authority suggesting PLRA exhaustion requirements govern habeas petitions); Davis v. Fetchel, 150

-4-

F. 3d 486, 490 (5th Cir. 1998)(The PLRA does not apply to section 2241 proceedings").

When Congress has not clearly required exhaustion, the Supreme Court has consistently held that "Sound judicial discretion is particularly in the Habeas Context, where courts must balance administration interest against the fundamental right to be free from unlawful detention <u>Sample v. Morrison</u>, 406 F. 3d 310, 312 (5th Cir 2005)(recognizing over-detention as irreparable harm).

Even if prudential exhaustion principles apply, the Supreme Court has clarified that exhaustion requirements are "not absolute" <u>Ross v. Blake</u>, 136 S. Ct. 1850 (2016) Remedies are not "available" when:

1. The agency has demonstrated a predetermined position through systematic non-compliance as evidence by Congressional over-sight findings;

2. The relief sought requires immediate action to prevent Constitutional injury, such as is negating FTC's there by extending Petitioner's time in prison, illegally detaining him;

3. Administrative procedures would be futile given documented system-wide implementation failures; as proven

by new mandate from the Director of the B.O.P. to Case-Managers to expand FSA - halfway house, home confinement and advicing them if they failed to do their job they would be met with insubordination consequences.

Multiple Circuits have recognized that even prudential exhaustion requirements must yield in cases like this one where:

(i) The challenge involves statutory interpretations rather than factual disputes;

(ii) The agency has adopted a predetermined position;

(iii) The relief sought requires immediate action to prevent Constitutional injury.

The BOP administrative remedy process requires 90 to 120 days to be complete, which would only delay petition to Court based on predetermined position with regards to FSA implementation and systematic failure to timely implement FSA statute. See Ward v. Chavez, 678 F. 3d 1042, 1045 (9th Cir. 2012)(exhaustion unecessary when the administrative appeal would be futile").

This case presents precisely the circumstances where exhaustion would serve no purpose beyond delay. The recent ACLU class action shows institutional unwillingness to address this issue through

administrative channels. Courts have consistently recognized that over-detention constitutes irraparable harm that cannot adequately remedied through post-release compensation. Sample, 406 F 3d at 312. Where as here the agency has demonstrated both inability to timely process administrative remedies and a predetermined position contrary to clear statutory mandates, requiring exhaustion would merely prolong unconstitutional detention.

## CONCLUSION

Based on the facts of this matter established herin Petitioner respectfully and humbly requests this Honorable Court to grant this motion, apply accrued programming days for time endured during lockdowns during Covid-19 Global Pandemic. This programming should be applied to FSA FTC's towards RRC/HC placement preventing illegal detention pursuant to 28 U.S.C. §2241(c)(3).

Respectfully submitted this 14TH this day October 2025.

*Alan Lugo Montalvo*

Alan Lugo Montalvo
# 51995-069
FCI Yazoo City Low II
P.O. Box: 5000
Yazoo City, MS 39194

-7-